### No. 477
BRIGHT SHOE STORES CO. v. SCULLY
Ohio Appeals, 6th Dist., Lucas Co.

54. AGENCY—Declarations of agent may be admitted to prove that he was acting as such and not in individual capacity.

No. 1649. Decided March 29, 1926

745. MALICIOUS PROSECUTION—Action may depend on actual innocence or guilt of accused, not on discharge by grand jury.

480. EVIDENCE—1. By "preponderance of evidence", jury must take into consideration not only testimony but also the exhibits introduced.

2. The words "testimony" and "evidence" are not synonymous.

WILLIAMS, J.

Arthur J. Scully, manager of one of the stores of the John Bright Shoe Stores Co. was arrested on an affidavit sworn to by one W. C. Blanton, said affidavit charging him with embezzlement of funds from the Shoe Co. in Scully was discharged by the Grand Jury and then brought this action in malicious prosecution against the Company.

He was awarded damages in the Lucas Common Pleas, and the company prosecuted error alleging that the court erred in permitting Blanton to testify that he acted as agent of the Company. Further errors were alleged in the Charge to the jury. The Court of Appeals held:

1. Although declarations of an agent are not good in evidence to prove agency, if the agency has been proven by other means, the declarations may be admitted to show that he acted as agent and not in his individual capacity.

2. The trial court in its charge on probable cause erred in asserting that the true inquiry for the jury is not whether the accused was in fact innocent or guilty, but what the defendant believed in reference to such innocence or guilt.

3. The trial court erred in explaining that by preponderance of the evidence was meant greater weight of the testimony. A charge of this nature totally ignores all exhibits that are offered in evidence.

4. The words "testimony" and "evidence" are not synonymous.

Judgment reversed and cause remanded.

Attorneys—Tabor, Chittenden, Northup & Daniels, Rowley & Rowley and M. D. Merrick, for Shoe Co.; Boggs v Doty for Scully; all of Toledo.

---

### No. 478
CINCINNATI TRAC. CO. v. KLINKENBERG, Adrx.
Ohio Appeals, 1st Dist., Hamilton Co.
No. 2742. Decided Feb. 8, 1926.

480. EVIDENCE—In action for wrongful death, earning power admissible to prove amount of damages.

BUCHWALTER, P. J.

This action was for wrongful death of O. G. Klinkenberg. Ella Klinkenberg, administratrix of his estate, alleged that his death was occasioned solely thru the negligence of an employe of the Cincinnati Traction Company.

Judgment was rendered in Hamilton Common Pleas Court in favor of the estate and the Company prosecuted error on the ground that the trial court improperly admitted in evidence the proof of the gross earnings and profits of the business conducted by the decedent. The Court of Appeals held:

Earning power of decedent is properly admitted in evidence to approximate the amount of damages when such earnings are not derived from money invested.

Judgment affirmed.

Attorneys—Leo. J. Brumleve, Jr., for Company; Galvin & Bauer and B. H. Long for Klinkenberg; all of Cincinnati.